**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **VERONICA McCOY** | § | |
| | § | |
| **V.** | § | **A-14-CV-663-LY** |
| | § | |
| **ROLAND G. WELLS** | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

Before the Court are:  Defendant's Opposed Motion to Transfer Venue (Dkt. No. 7), Plaintiff's Response to Defendant's Motion to Transfer Venue (Dkt. No. 8), Defendant's Partial Motion to Dismiss (Dkt. No. 9), and Plaintiff's Response to Defendant's Partial Motion to Dismiss, (Dkt. No. 10).  The District Court referred the above-motions to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. §636(b) and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

## I.  GENERAL BACKGROUND

Plaintiff Veronica McCoy ("McCoy"), a resident of McLennan County, Texas, worked as a corrections officer for the Texas Juvenile Justice Department ("TJJD") and was assigned to the McLennan County State Juvenile Correctional Facility ("MCSJCF") in Mart, Texas.  After two juveniles escaped from the facility, the MCSJCF Assistant Superintendent accused McCoy of assisting the juveniles in their escape.  On July 20, 2014, Defendant Ronald G. Wells ("Wells"), an employee of the TJJD's Office of Inspector General ("OIG") at the time of the incident, arrested McCoy and charged her with facilitating an escape of a person in custody, in violation of Section 38.07 of the Texas Penal Code.  McCoy spent 32 hours at the McLennan County Jail before she

posted bond.  On September 17, 2014, the grand jury returned a "no bill" on the charge of facilitating escape.

On  July 17, 2014, McCoy filed the instant lawsuit against Wells under 42 U.S.C. § 1983 alleging that Wells violated her rights under the Fourth Amendment of the United States Constitution "by arresting her without probable cause, and then by securing an arrest warrant by including false information and omitting exculpatory information."  Complaint at ¶35.  McCoy is suing Wells in his individual and his official capacities as an employee of the TJJD.  Wells has now filed a Motion to Transfer Venue under 28 U.S.C. § 1404(a) and a Partial Motion to Dismiss.  The Court will address the Motion to Transfer Venue first.

## II.  ANALYSIS

Wells moves to transfer venue to the Waco Division of the Western District of Texas, pursuant to 28 U.S.C. § 1404(a), contending that all of the events or omissions giving rise to this lawsuit occurred in McLennan County, Texas, which is part of the Waco Division of this Court.

## A.     Standard of Review

"For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).  Section 1404(a) "is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)).  "There can be no question but that the district courts have broad discretion in deciding whether to order a transfer" under § 1404(a).  *In re Volkswagen of Am., Inc.* (*"Volkswagen II"*), 545 F.3d 304, 313–15 (5th Cir. 2008) (internal quotation marks omitted), *cert. denied*, 555 U.S. 1172 (2009).

2

As a preliminary matter, the "§ 1404(a) factors apply as much to transfers between divisions of the same district as to transfers from one district to another." *In re Radmax, Limited,* 720 F.3d 285, 288 (5th Cir. 2013). The starting point on a motion for transfer of venue is determining whether the suit could have originally been filed in the destination venue. *Id.* at 312. If it could have, the focus shifts to whether the party requesting the transfer has demonstrated the "convenience of parties and witnesses" requires transfer of the action, considering various private and public interests. *See Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1974). The private interest factors are: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *In re Volkswagen AG ("Volkswagen I")*, 371 F.3d 201, 203 (5th Cir. 2004) (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n. 6 (1981)). The public interest factors are: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *Id*. Although the *Gilbert* factors are "appropriate for most transfer cases, they are not necessarily exhaustive or exclusive." In fact, the Fifth Circuit has noted "none . . . can be said to be of dispositive weight." *Volkswagen II*, 545 F.3d at 313–15 (internal quotations omitted). Despite the wide array of private and public concerns, a court must engage in a "flexible and individualized analysis" in ruling on a motion to transfer venue. *Stewart*, 487 U.S. at 29.

Though the above is similar to the standard in the forum non conveniens context, § 1404(a) requires a lesser showing of inconvenience. *Volkswagen II*, 545 F.3d at 314. As such, the movant

need not show the *Gilbert* factors substantially outweigh the plaintiff's choice of venue—it is enough to show the new venue is clearly more convenient than the original one. Nonetheless, as the Supreme Court has cautioned, while the movant's burden is lessened, the plaintiff's choice of venue is still to be considered. *Norwood v. Kirkpatrick*, 349 U.S. 29, 32 (1955). Accordingly, the Fifth Circuit's rule is that while the plaintiff's choice of venue is not a factor under *Gilbert*, it places a "significant" burden of proof upon the movant to "show good cause for the transfer." *Volkswagen II*, 545 F.3d at 314 n. 10. "Thus, when the transferee venue is not clearly more convenient than the venue chosen by the plaintiff, the plaintiff's choice should be respected." *Id.* at 315. "However, when a plaintiff is not a resident of the chosen forum, or the operative facts underlying the case did not occur in the chosen forum, the court will not give as much deference to a plaintiff's choice." *Apparel Prod. Servs. Inc. v. Transportes De Carga Fema, S.A.*, 546 F. Supp.2d 451, 453 (S.D. Tex. 2008). In addition, "'the traditional deference given to plaintiff's choice of forum . . . is less' for 'intra-district transfers.'" *In re Radmax*, 720 F.3d at 289 (quoting 17 J. Moore, et al., MOORE'S FED. PRAC. § 111.22[2], at 111-155 (3d. ed. 2013)).

**B.    Application**

There is no dispute that this case "might have been brought" in the Waco Division of the Western District of Texas. The Court will therefore focus on the *Gilbert* factors to determine whether the case should be transferred to the Waco Division.

The first private interest factor is the relative ease of access to sources of proof. *Volkswagen II*, 545 F.3d at 315. All of the events or omissions giving rise to this lawsuit occurred in McLennan County, in the Waco Division. McCoy alleges that she was arrested without probable cause and that her arrest warrant included false information. The warrant for McCoy's arrest was issued in

McLennan County.  Wells' affidavit supporting the arrest warrant was written in McLennan County. McCoy was working at the juvenile facility in McLennan County when she was arrested.  McCoy was jailed in McLennan County.  It appears that all relevant employment records and incident reports are located in McLennan County.  Although McCoy emphasizes that the headquarters of Wells' former employer, the TJJD, is located in Travis County, she fails to identify any specific documents that are located in Travis County that are material to her lawsuit.  Based upon the foregoing, this factor weighs in favor of transfer.

The second and the third factors, the availability of compulsory process and cost of transportation for witnesses also weigh in favor of transfer. Plaintiff herself lives in McLennan County.  While Wells does not live in McLennan County (he currently resides in Harris County), he does not live in Travis County either.  Wells has identified several other witnesses who also reside in McLennan County.  While  there are a number of witnesses who no longer reside in McLennan County, none of them reside in Travis County, and all will have to travel regardless of where venue is set.  McCoy has failed to identify any specific witnesses who reside in Travis County.  Accordingly, these factors also weigh in favor of transfer.

Finally, the Court is to examine "all other practical problems that make trial of a case easy, expeditious and inexpensive." *Volkswagen I*, 371 F.3d at 203.  McCoy is a resident of McLennan County and thus resides within the Waco Division.  The conduct at issue in this case occurred in McLennan County.  On the other hand, there does not appear to be anything about trying the case in Travis County that would make it easy, expeditious or inexpensive.  This factor thus also supports transfer.  In sum, consideration of the private interest factors suggests that it would be more convenient for the parties and witnesses to place venue in the Waco Division.

The public interest factors also counsel in favor or transfer. The Austin Division is one of the busiest divisions in the Western District of Texas, which itself is one of the busiest districts in the country. As Wells points out, 1,543 cases were filed in the Austin Division in 2013, compared to 614 cases filed in the Waco Division. (Austin has two active district judges and Waco has one.) These docket figures suggest that it would not be a prudent use of judicial resources for this Court to resolve a dispute that has no real connection with this forum. In addition, the local interest factor clearly favors transfer. Given that all of the events and omissions giving rise to this lawsuit occurred in the Waco Division, the citizens in the Waco Division have a direct interest in the civil rights allegations made against Wells. The last two public factors are not at issue in this case and thus are neutral. After weighing all of the public factors, the Court finds they weigh in favor of a transfer of venue to the Waco Division.

The Court concludes that the Waco Division of the Western District of Texas is clearly a more convenient venue for this case than Austin.[1]

## III. RECOMMENDATION

Based upon the foregoing, the undersigned **RECOMMENDS** that the District Court **GRANT** Defendant's Motion to Transfer Venue (Dkt. No. 7), and **TRANSFER** this cause of action to the Waco Division of the Western District of Texas.

## IV. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are

---

[1]Because the Court recommends that the case be transferred to Waco, it does not reach Defendant's Partial Motion to Dismiss (Dkt. No. 9).

6

being made. The District Court need not consider frivolous, conclusive, or general objections.  *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(c); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 31st day of October, 2014.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE